IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. GLR-18-172 |
| | ) | |
| KAMAL DORCHY, | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO RELEASE

Today marks the 871st day of Mr. Dorchy's pretrial detention in three maximum security jails. He has enjoyed the presumption of innocence every day and even savored the taste of liberty for a few seconds on March 26, 2018. On that day, Judge Garbis found the Government had violated Mr. Dorchy's rights under the Speedy Trial Act (18 U.S.C. § 3161), dismissed the indictment and released him. Yet multiple federal agents promptly greeted Mr. Dorchy on the Courthouse steps with guns drawn and re-arrested him. An Order of Detention by Agreement signed on March 30, 2018, is the basis on which he is currently held. ECF 7.

More than a year later, on May 9, 2019, Judge Russell suppressed all case evidence related to a GPS warrant that had been illegally executed. That ruling suppressed all physical evidence derived from the the traffic stop and arrest of Mr. Dorchy on July 27, 2017. Hrg. Tr. 5/9/19, pp. 78-79. And it suppressed all physical evidence and testimony from three female witnesses located at the College Park Days Inn on the same day. Id. at 45. Judge Russell likewise suppressed all forensic evidence extracted from the tainted physical evidence. Id. at 53.

At this nadir of their case, Government counsel pressed the Court to save its prosecution via inevitable discovery: "There's already evidence that the defendant (sic / DFC

James-Wintjen) had ascertained the image locations and victim status of the victims if she had not already identified their names. But our argument is that inevitably she would have identified their names." Hrg. Tr. 5/9/19, p. 48, lls. 17-21.

To be clear, nobody identified the three women found at the Days Inn before the illegal searches and seizures on July 27, 2017. And the Government's own report honorably detailed Howard County law enforcement's futile efforts to search for potential witnesses: "(Det. Sgt.) Daly attempted to set a date from several ads on backpage.com, identified by DFC James-Wintjen as *possibly* being related to Dorchy. Daly's attempt failed, as only one of *four*, answered back. The one that answered stopped responding when Daly requested a date in College Park." ECF 40-3 (HCPD-BD1-0089) (*emphasis* added; also inexplicably cited by the Government in ECF 86, p. 19 to support the inevitability of locating these witnesses). These real-time failures prove there was nothing inevitable about the Government's quest.

Judge Russell summed up his views on the lead detective:

> Detective Wintjen has made misstatements entirely through this case. And I didn't find a *Franks* hearing, that is, grounds for the *Franks* hearing issue because I don't, quite frankly, have to. But they are conceded omissions and mistakes that Detective Wintjen made throughout this entire course. So I'm not going to take Detective Wintjen's word for it. I'm going to hear testimony so that I can assess her credibility and the credibility of these other folks. Because I've at least eight misstatements by Detective Wintjen that the Government is saying are mistakes or they're really not accurate. And I didn't get to the *Franks* issue because I didn't have to because of the unlawful trespass onto the defendant's parents' property or mother's property. So Detective Wintjen, what she says in a report to determine something like *inevitable discovery* when we've got such a violation of constitutional rights *is not going to win the day for the Government*.
>
> Hrg. Tr. 5/9/17, p. 57 (*emphasis* added).

The weight of evidence is often used by the Government as grounds for detention. 18 U.S.C. § 3142(g)(2). At this point, however, the government's admissible evidence against my Client is practically weightless. *See United States v. Taylor,* 289 F.Supp 3d 55 (D.D.C. 2018) (Defendant released from custody after statements suppressed and hearing revealed weakened state of Government's evidence). Nevertheless, Government counsel opposes this motion to release.

The motions hearing is set for August 6, 2020 with a trial date of November 9, 2020. If Mr. Dorchy remains detained, these dates will mark his 1107th and 1200th days in maximum security. We respectfully ask this Court to release Mr. Dorchy to his family in Beltsville. His father, Charles Dorchy, is an honorably discharged veteran of the United States Army who retired after a 26-year career with the Washington Metropolitan Area Transit Authority. Counsel will provide Pretrial Services with the requisite information to expedite his service as third party custodian for his son.

                                                    Respectfully submitted,

                                                      _____/ s /_____
Pat M. Woodward, Esq., No. 16620
1783 Forest Drive, No. 330
Annapolis, MD  21401
Phone:  202-246-4679
Fax:  410-216-9812
patmwoodwardjr@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December, 2019, I electronically filed the foregoing Motion with the Clerk of Court using the CM / ECF system, which will send an electronic notification of such filing to all counsel of record.

                                       _____/s/_____
                                       Pat M. Woodward, Esq.
                                       Counsel for Mr. Dorchy