IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA            *

    v.                                *        Criminal Case No. GLR-18-0172

KAMAL DORCHY                        *

                                        * * *

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Kamal Dorchy's ("Defendant") appeal of detention orders issued in the above-captioned case, ECF Nos. 184 and 206, pursuant to 18 U.S.C. § 3145. The Motion is fully briefed and ripe for disposition. ECF No. 185.[1] No hearing is necessary. See Local Rule 105.6. For the reasons that follow, the Motion will be denied.

### Background

On March 28, 2018, the grand jury for the United States District Court for the District of Maryland returned an Indictment charging the Defendant with sex trafficking, production of child pornography, and possession of child pornography in violation of 18 U.S.C. §§ 1591(a), 2251(a) and 2252A(a)(5)(B). ECF No. 1. At the time of his initial appearance, the Defendant consented to detention on April 3, 2018. ECF No. 7. The Defendant requested a detention hearing on December 18, 2019. ECF No. 176. After a detention hearing on December 23, 2019, the Defendant was ordered detained. ECF No. 184. The Defendant appealed the detention order. ECF No. 185. On April 10, 2020, the Defendant supplemented his brief, for the first time citing the COVID-19 pandemic and additional facts related to his current detention, which he claims

---

[1] The Court acknowledges, and has reviewed, multiple filings submitted by the parties subsequent to the initial briefing, including correspondence from counsel (ECF No. 207); correspondence from the Defendant (ECF No. 209); correspondence from the government (ECF Nos. 210 & 212); medical records related to the Defendant from the Central Detention facility (ECF No. 214); and supplemental correspondence from the parties. (ECF Nos. 215–217).

support his release.  ECF No. 198.  On April 13, 2020 the government filed a supplemental opposition relating to the issues raised in the supplement.  ECF No. 200.  The Defendant filed a reply.  ECF No. 205.  On April 14, 2020, after consideration of Defendant's original grounds for seeking release, as well as his supplemental grounds, United States Magistrate Judge Mark Coulson denied the requested relief pursuant to the factors required to be considered under 18 U.S.C. § 3142(g) and (f) of the Bail Reform Act. ECF No. 206.

<u>Analysis</u>

18 U.S.C. § 3145 (b) establishes that when a person is ordered detained by a magistrate judge, that person may file a motion for revocation or amendment of the order with the court having original jurisdiction over the offense.  Upon the filing of such a motion, the Court must make a <u>de novo</u> determination as to whether the magistrate judge's findings are correct based upon the court's review of the evidence before the magistrate judge.  <u>U.S. v. Martin</u>, PWG-19-140-13, 2020 WL 1274857 at *6.

In his original ruling for detention, Judge Coulson correctly observed there was a rebuttable presumption that the Defendant should be detained pursuant to 18 U.S.C. § 3142 (e)(3)(B) in that the maximum sentence, for at least one offense, is life imprisonment. Since the review is <u>de novo</u>, the Court must analyze and consider the various factors outlined in § 3142 (g), which include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

On the record before me, I conclude that Judge Coulson's findings, relating to the Defendant, were correct.  The Court finds that the Defendant has failed to rebut the presumption that he should be detained, and that there is clear and convincing evidence from the information produced that the Defendant poses a risk to the safety of other persons and the community.

As to the nature and circumstances of the offense, the Defendant is charged with sex trafficking and child pornography offenses.  These charges are quite serious.  The Defendant argues, subsequent to a pre-trial motions hearing, that the relevant evidence against him has been suppressed, therefore, the government's evidence is weak.  This is not the case.  Although the Court did suppress some evidence seized as a result of his arrest, it did not address all of the incriminating evidence including, but not limited to, eyewitness victim statements and statements made by the Defendant subsequent to his arrest.  This evidence, if true and believed, is compelling and supports the charges.

Looking at the history and characteristics of the Defendant, he has an extensive criminal history including convictions for multiple armed robberies in 1992.  He also has an associated handgun violation in one of those cases.  His history also demonstrates a failure of compliance with probation or supervised release.

It should be noted, in response to the supplemental motion before Judge Coulson (ECF No. 195), the government has proffered with supporting documentation that the Defendant has sought to intimidate the alleged victims in this case by, among other things, publishing their identities and making accusations of false allegations, with the knowledge and assistance of the Defendant's mother and the wife of the proposed third-party custodian, his father.  This proffer is a clear demonstration of the Defendant's failure to comport himself, even while incarcerated.

3

The Court notes, however, the Defendant's physical condition and pre-existing medical conditions make him vulnerable to injury as a result of the COVID-19 crisis. Indeed, in a recent filing the Defendant, through counsel, asserts he is at a high risk as a result of the COVID-19 pandemic. ECF No. 207. The Court has carefully considered the recent decision in Banks v. Booth, Civil Action No. 20-00846-CKK (D.D.C. 2020), analyzing the current conditions in the D.C. jail facilities and its response to protecting and treating inmates in light of the pandemic. Further, the Court is aware of the immediate injunctive relief ordered to ensure the prison population is protected. In addition, the Court has reviewed the medical records of the Defendant to determine the severity of the risk that the COVID-19 virus poses to the Defendant, given his existing medical conditions.[2]

Based upon the record of treatment, the Defendant is in isolation and is being treated by medical personnel. Medications are being administered and he is seen by medical staff at least twice, sometimes three times, per day. Further, the facility is under court order to immediately implement protective measures to ensure the health and safety of the prison population. Indeed, the Court recognized safety measures being put in place while the requested injunctive relief was still pending. As a result, balancing the risk to the Defendant against other Bail Reform Act factors

---

[2] The Defendant's supplemental filings are not persuasive. Although Judge Kollar-Kotelly of the U.S. District Court for the District of Columbia has concluded that the D.C. Department of Corrections must take additional steps in regard to the COVID-19 pandemic, Judge Kollar-Kotelly has not ordered that all inmates be released. In addition, at least one other judge has noted that because D.C. jail facilities are the subject of Judge Kollar-Kotelly's temporary restraining order, it can be expected that the D.C. Department of Corrections "will do everything it can to comply with that order so as to prevent the further spread of the virus to its residents and staff." United States v. Sagastume-Galicia, No. 20-40 (BAH), 2020 WL 1935555, at *5 (D.D.C. Apr. 22, 2020).

in the present case, the risks do not rise to the level of a "compelling reason" for temporary release under 18 U.S.C. § 3142(i).

While the Court is not unsympathetic to the Defendant's physical condition, the Court is confident, based upon the pleadings and arguments provided, that he will receive adequate care by the United States Marshal Service, who oversees his pretrial detention care.

Finally, given the alleged behavior of the Defendant, as well as the wife of the proposed third-party custodian in assisting the Defendant with a plan to intimidate the victim witnesses, the Court finds the Defendant presents a clear danger to witnesses and the community at large. Further, given the relationship between the Defendant and the third-party custodian, as well as the third-party custodian's possible knowledge of the alleged scheme to intimidate witnesses, the Court finds the third-party custodian unacceptable, even assuming the Defendant could rebut the presumption in favor of detention.

For all of the above reasons, I reach the same conclusion as Judge Coulson and find that the Defendant has failed to rebut the presumption of detention, and that the government has established, by clear and convincing evidence, that the Defendant must continue to be detained for the protection of the community.

Accordingly, the Defendant's appeal of detention order and release is DENIED.

SO ORDERED this 28th day of April 2020.

/s/

_____
George L. Russell, III
United States District Judge