IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. GLR-18-0172 |
| KAMAL DORCHY, | |
| Defendant | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
SECOND MOTION FOR COMPASSIONATE RELEASE

The United States of America, by undersigned counsel, hereby responds to Defendant

Kamal Dorchy's Second Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i),

ECF No. 356, as supplemented by a memorandum filed by his counsel at ECF No. 363.  In ECF

No. 364, the Court directed the government to respond no later than May 10, 2023. In brief, the

Government did not consent to Defendant's second motion for early release because the theory

he advanced—namely, that when this Court granted him a six-month sentence reduction in

August 2022 it was for the purpose of providing him access to dental treatment, and the Bureau

of Prisons' (BOP) subsequent amendment of his halfway house entry timing frustrated that

purpose—was unsupported by the record.  If the Court's primary intent in its earlier grant of relief

was reduce the Defendant's sentence to allow him to obtain dental treatment, then it does not

object to a further sentence reduction to effectuate that purpose.  Otherwise, however, the

Government opposes the additional relief Defendant presently seeks.

BACKGROUND

On February 23, 2021, the Defendant entered a plea of guilty to Count One of a

Superseding Information charging him with conspiracy to commit sex trafficking in violation of

1

18 U.S.C. § 1594(c). *See* ECF No. 251. On May 27, 2021, the Court sentenced the Defendant to a 96-month term of incarceration, to be followed by 15 years of supervised release. *See* ECF Nos. 273, 275, 277. The Court's second amended judgment was filed on August 31, 2021. On June 25, 2021, the Defendant filed a first notice of appeal from the Court's judgment. *See* ECF No. 282. Then, at an August 26, 2021, hearing on restitution, the Court ordered the Defendant to pay $2,400 to the minor victim, a $100 special assessment, and a $5,000 special assessment under the Justice for Victims of Trafficking Act. *See* ECF Nos. 297 and 298 at 6.

On November 14, 2021, the Defendant filed his first motion for compassionate release. ECF No. 308.  In that motion, Defendant's primary argument was that he had been mis-designated to a U.S. Penitentiary rather than a medium-security facility, which endangered his life.  *See id*. at 1 (claiming "extreme risk of violence or death in his current facility.")  In only one paragraph in that motion did Defendant mention that he was "receiving no care for his dental and oral hygiene," and even that mention was in the context of pointing out how BOP had allegedly disregarded the Court's sentencing recommendations.  *Id*. at 7.

After the Government responded opposing Defendant's motion for compassionate release, at ECF No. 314, Defendant filed a rambling reply attacking the validity of his convictions and alleging Government misconduct, among other topics.  *See generally* ECF No. 314.  In that 10-page, single spaced pleading, Defendant only mentioned dental problems once in passing, in a paragraph that read "Dorchy is 47 and suffers from a blood disorder that cannot fight off infections. He has submitted his proof.  He has dental problems well documented.  He has asthma problems that have been increased and no one medical person can explain why.  The Jail he is in is back in CODE RED and many inmates are sick.  He has 14 months left." *Id.* at 7.

Defendant filed another motion for compassionate release on April 1, 2022. ECF No. 331. In that motion, Defendant's principal "extraordinary and compelling" reason justifying his release remained his claimed misclassification and designation. *See* ECF No. 331 at 1. In addition, Defendant listed four additional reasons in that motion, including his dental problems that he alleged BOP was failing to address through dental work. However, he also complained of chronic asthma attacks due to Hazelton's high altitude, Lupokemia (a lack of white blood cells) causing him to experience general health problems, and erroneous conviction records causing continued misclassification for security purposes. *Id*. at 2.

On May 26, 2022, the Government responded to Defendant's restyled compassionate release motion, arguing that none of the Defendant's stated grounds constituted extraordinary or compelling circumstances. ECF No. 338. On June 1, 2022, apparently unaware of the Government's response, Defendant supplemented his motion, reporting that his BOP case manager had recommended that he enter a halfway house in August 2023; that he continued to experience deficient dental care, food, and recreation opportunities; that his criminal history was still mis-reported; that "a large number of Mexicans [are] here and they hunt for inmates with my type of charges;" and that he continued to suffer from illnesses including COVID-19. ECF No. 342 at 1.

After receiving the Government's response opposing his motion, Defendant filed another reply brief on June 13, 2022. ECF No. 345. In an 18-page filing, Defendant variously attacked the facts supporting his conviction, the Government's attorney's concern that he would return to sex trafficking upon release, and law enforcement officers' and their witnesses' integrity, among other things. *See generally id*. at 1-5. Only midway through the reply did Defendant raise his health issues, where he denied that he was filing the motion out of concern of contracting COVID-

19, but claimed he feared the "effects from the long term damage it has done to his body and the jail is not taking the covid seriously. [Defendant] keeps contracting covid and his teeth is falling out. He cannot explain why and the Dentist has him on a list behind inmates from 2018. He continues to suffer from asthma attacks….He is still on the list to be seen by the doctor [for a broken finger injured in the gym] a month ago. His finger is now bent and damaged severely." *Id*. at 5.

On August 2, 2022, the Court granted Defendant partial relief by reducing his sentence from 96 to 90 months. ECF 351. In issuing the order granting a 6-month sentence reduction, the Court did not elaborate on the basis for its decision. At the time the Court granted the motion in part, Defendant's remaining sentence was shortened from 22 to 16 months.

On November 7, 2022, Defendant filed the instant motion for compassionate release. ECF No. 356. In his motion, Defendant claimed that because his sentence was reduced, his halfway house time was reduced from 270 days to 112 days, which he asserted effectively vitiated the impact of the Court's sentence reduction. *Id*. at 2-4. He further claimed harassment and bias from BOP officials on the basis of his sex offense conviction and alleged that the reduction in his halfway house program time was in retaliation for obtaining relief from this Court that "Staff [did] not like." *Id*. at 10.

On April 21, 2023, counsel for Defendant filed a supplement to Defendant's Second Motion for Compassionate Release. ECF No. 363. In that supplement, Defendant's counsel asserted that "the primary reason that Mr. Dorchy sought compassionate release was his need for dental surgery" and implied that this was ultimately why the Court "agreed to reduce his sentence from 96 months to 90 months." ECF No. 363 at 1. Further, because of BOP's subsequent

decision—which counsel correctly acknowledged is within the bureau's sole discretion[1]—to reduce Defendant's halfway house time from 270 to 112 days, counsel complained that Defendant will depart FCI Hazelton at about the same date as he would have without the sentence reduction, which will "frustrate (inadvertently or otherwise) the intent of a sentence reduction." *Id*. at 2. Counsel noted that she consulted with the Government in an effort to seek its "cooperation on an alternative solution [but t]hat effort was unsuccessful." *Id*.

## ARGUMENT

The Government did not agree to join or consent to Defendant's motion because it is unclear that the Court's intent has been thwarted in any meaningful way. First, there is no evidence that the Court's prior order reducing the Defendant's sentence by six months was "primarily due to Defendant's dental health issues," as counsel suggests. There is also no evidence supporting Defendant's assertion that BOP was, or is, purposefully thwarting the Court's intent by revising Defendant's residential reentry program time.

The Court's prior order expressed no particular view on when Defendant should, or even would, be placed in a halfway house. Since Defendant's ultimate release date, which is now December 19, 2023, remains six months earlier than it would have been without the Court's grant of relief, the Government cannot agree that the Court's intent has been frustrated.

---

[1] *See* 18 U.S.C. §§ 3621(b) and 3624(c) (precluding judicial review of BOP placement decisions); *Reeb v. Thomas*, 636 F.3d 1224, 1226-28 (9th Cir. 2011) (courts lack jurisdiction to review BOP's placement decisions under Sections 3622 through 3624); *United States v. Eberhart,* 448 F. Supp. 3d 1086 (N.D. Cal. 2020) (holding that the "court has no authority to designate the place of confinement"); *United States v. Grass*, 561 F. Supp. 2d 535, 537 (E.D. Pa. 2008); *Washington v. Bureau of Prisons,* No. 1:19-cv-01066 (N.D. Ohio July 3, 2019).

Additionally, as recited earlier, Defendant's various motions for compassionate release cited a variety of bases on which he requested relief. Those reasons originally, in ECF No. 308, focused on his fear of violence from fellow inmates and evolved over time to include a wide range of environmental and health complaints. Thus, the Government cannot accept at face value Defendant's counsel's claim that the "primary reason that Mr. Dorchy sought compassionate release was his need for dental surgery" or that this was the Court's focus in granting him relief. ECF No. 363 at 1.

If the Court's principal motivation for partially granting Defendant's compassionate release motion had been to allow him to immediately address his dental problems, it stands to reason that the Court would not have granted him just six months' reduction, which would have—at best—resulted in his placement in a halfway house more than a year in the future. Rather, the Court would have granted immediate release followed by a period of supervised release under conditions of home detention. Because the Court had the means to accomplish what Defendant now claims was the Court's primary intent, and did not do so, his present assertion that providing access to dental treatment was the Court's purpose in granting him relief is illogical at best. For this reason, the Government declined to join or consent to Defendant's present motion.

## CONCLUSION

For reasons already articulated in its earlier responses opposing Defendant's release at ECF Nos. 314 & 338, the Government maintains that the Court's original sentence of imprisonment was appropriate and that none of Defendant's advanced grounds constitute extraordinary or compelling reasons justifying compassionate release. That said, if the Court's partial grant of relief *was* intended specifically to allow Defendant to obtain dentures beginning later this summer, the

Government concedes that Defendant is unlikely to receive that care during the next three months

he is scheduled to remain at FCI Hazelton,[2] and the Court may, of course, grant relief that it deems

appropriate.

Respectfully submitted.

Erek L. Barron
United States Attorney

/s/ Adam K. Ake
Adam K. Ake
Jeffrey J. Izant
Assistant United States Attorneys

---

[2] Regional Counsel for BOP has confirmed to the undersigned that several BOP policies apply to Defendant's case, none of which augur in favor of immediate provision of treatment or prioritization over others awaiting routine care.