# In the United States District Court for the

# District of Maryland

USDC-BALTIMORE
'25 JAN 13 ~:37

Rcv'd by: ___AI___

HD

Kamal Dorchy

VS.

United States

GLR 18 172

## SUPLEMENTAL MOTION TO VACATE CONVICTION UNDER 18 U.S.C. 2255

## RULE 60 B NEWLY DISCOVERED EVIDENCE

The Defendant, Mr. Dorchy has filed a Pro Se 2255 Motion to the Court over one year ago (2023) after finding newly discovered evidence after his release that he nor his attorney could have discovered before pleading guilty, in which he discovered the precise written statements and evidence presented in a motion by the US Attorney (ECF 135 page 8) was a deliberate misrepresentation with the intent to deceive the parties involved.

(The Defendant, his defense counsel and the Court.)

The Court asked the US Attorney to respond to the Defendant's Motion to which the US Attorney conceded in writing that exhibits and statements made were false. Mr. Dorchy responded and today, 2025, Court has not made a Decision in this case after more than one year. The defendant has been released from custody, but the defendant is not receiving certain constitutional rights as he is on federal probation, and is being restricted from certain liberties, and having his liberty taken in certain aspects of life. All from this Government misrepresentation.

The Defendant had no reason to plead guilty to a crime he did not commit. It was Page 8 ECF 135 to which his Attorney, Charles Curllet advised him to take a plea because of the documents and exhibits the US Attorney submitted. The US Attorney indicated in its Motion that the Lead Detective (James-Wintjen), would testify that the exhibits were authentic, and Defense Counsel had no way to prove that the exhibits were false to which the Court would rule that **Inevitable Discovery could be reached.**

While out of Prison, the Defendant missed a death in his family of a close relative and could not observer her funeral because he is on federal probation and could not leave for the funeral because he did not receive permission. The long standing rule of the Court and Law is that the Defendant released from custody is still under federal custody as long as he is on probation. The Probation has full authority over any actions that defendant wishes to make for the next 15 years.

Mr. Dorchy has been subject to searches and is in constant threat of being arrested at anytime the Probation Officer sees fit. Mr. Dorchy has been followed and confronted by Det. James-Wintjen in public places and he does not live in the officer's jurisdiction. Mr. Dorchy has complained to his probation officer several times about this.

Mr. Dorchy asks this Court to make a decision on this case, so Mr. Dorchy can either have this case judicated or take his matter to the 4th Circuit if the Court finds that the Constitutional rights of Mr. Dorchy were not violated after the evidence was misrepresented in a ECF Motion where Mr. Dorchy was advised to plead guilty based on such evidence presented. Mr. Dorchy is being harassed by the lead Detective in this case. Mr. Dorchy has shown direct proof that page 8 of ECF DOC 135 was a false misrepresentation and this false misrepresentation was the cause of his legal decision to plead guilty to a crime he was not indicted for.

(Page 8 of ECF 135 June 3rd 2019)

Furthermore, the government anticipates establishing that, in connection with the Defendant's suppression motion, Det. James-Wintjen utilized the software to confirm that it would, in fact, have identified each of the three victims HCPD encountered at the Days Inn on July 27, 2017. Specifically, Det. James-Wintjen would testify that, using this software, she uploaded photographs of each victim that she had obtained from Backpage advertisements that she located using Spotlight. *See* Exh. B, at 9 (R.B. photograph), 12 (T.B. photograph obtained from middle row, sixth image from left), and 15 (Victim 2 photograph obtained from second row from top, first image on left). The software then successfully identified each victim by returning a photograph (sourced from various law enforcement databases), along with personal identifying information, of each one.[5]

Accordingly, the Court should conclude that law enforcement inevitably would have identified each of the three victims; had officers not encountered them at the Days Inn, HCPD

---

[5] The government has not included screenshots of the analysis as an exhibit to this filing because the Howard County Police Department is not authorized to release images of the software. The government is still working, however, to obtain that authorization from the Maryland Department of Public Safety and Correctional Services, which administers the Image Repository System.

8

The government writes without mistake, that the detective utilized the software, the Maryland Repository Image Software and furthermore, wrote a footnote indicating they were in possession of the evidence. Mr. Dorchy has presented to the Court, direct evidence that the individuals the government discussed on Page 8 who were at the Hotel were not in the Maryland Image Repository System.

Mr. Dorchy has provided evidence he located with the help of the Baltimore City Police and Howard County Police that the detective did not utilize the Maryland Image Repository system and Mr. Dorchy has presented proof that the people the US Attorney wanted to use in the case against Mr. Dorchy was not in the MIRS.

As Mr. Dorchy pointed out previously, the Supreme Court noted, a motion cannot be viewed as untimely if the defendant has located direct evidence in newly discovered evidence under **28 USC 2255 (f) (4)** if the defendant did not have the evidence, newly discovered at the time of the guilty plea. Mr. Dorchy discovered new Evidence September 25th 2023 after seeking help From Baltimore Police Detective Johnson who directed him to State Discovery.

The Supreme Court has held that **"*Government Misrepresentations* constitute impermissible conduct." Brady 397 U.S. 742.** The Supreme Court was clear in Brady:

*"A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court prosecutor or his own Council must stand, unless induced by threats or promises to discontinue improper harassment, **misrepresentation** or perhaps by promises that about their nature and proper as having no proper relationship to the prosecutor's business."*

Mr. Dorchy also reiterates **United States v Fisher 711 F.3d 460** where the 4th Cir ruled:

*"In order for defendant to set aside a plea as involuntary, a defendant who was fully aware of the direct consequences of the plea agreement, must show <u>government impermissible conduct</u>"*

After Showing in his Pro Se Motion the direct proof of Misrepresentation and the lack of response by the US Attorney, Mr. Dorchy asked respectfully that the Court appoint him Counsel so the Evidence of direct fraud committed could be obtained formally and placed in the record. Police has indicated to Mr. Dorchy that Law enforcement cannot release evidence to Mr. Dorchy unless ordered by the Court as he is not an Attorney. Furthermore, once the US Attorney responded the way it did to Mr. Dorchy's Motion: *"The Lead Detective informed the (US Attorney) December 20th 2023 that the women they discovered at the Days Inn were in other law Enforcement databases"* inferring that the misrepresentation made about the Women being in the MIRS as stated on page 8 of ECF 135 did not matter. That direct revelation put the Court and Mr. Dorchy on notice that Mr. Dorchy's contentions in his Motion filed were as he stated… The Women Police illegally discovered were not in the Maryland Image Repository System as the Government filed in ECF 135 DOC page 8. That means that their Inevitable Discovery Argument could not have been reached, and any other contention such as the contention the US Attorney made about the women being in other Law Enforcement Databases is Speculation. Keep in mind, the US Attorney argued in ECF 135 that the Women were identified by the Maryland Image Repository System and they cited no other Law Enforcement Databases. Mr. Dorchy felt that the Court should ask evidentiary questions based on this revelation:

# 1   Did Attorneys advised Dorchy that the pleading concerning inevitable discovery on the **MIRS** *would be* testimony from Det. James Wintjen and the **Spotlight** results in the June 3rd 2019 motion was something they could not impeach?

#2   Was the misrepresentations made in the June 3rd 2019 pleading *Material* to his decision to plead guilty?

#3 Would Dorchy have pleaded guilty had the misrepresentations not occurred?

#4   Were they Misrepresentations?

#5   Does the Court have authority under 2255 to vacate a conviction after new discovery when a sentence has concluded?

Mr. Dorchy believed that his motion would have compelled the Court to appoint Mr. Dorchy CJA Counsel to represent Mr. Dorchy in this matter where the Court's need for more information after seeing the proof Mr. Dorchy presented and the argument he makes furthered by the US Attorney response to his 2255 or lack there of, can only be obtained by counsel such as **Discovery** held by the Federal Public Defender and facts from Court ordered subpoena. Indeed, Mr. Dorchy sought out help from the Baltimore City Police Department to obtain proof that the **June 3rd 2019** motion pleading by the Government was designed to misrepresent, deliberately when the Government plead that (AP), a minor had an Adult Criminal Record in 2017 when she was under the age of 18. To make it clear... The Government argued that **inevitable discovery** could have been reached by Police because Detective James-Winjet had actually submitted AP's photo to the MIRS software and AP's adult criminal mug shot was

located in *"various criminal databases"* to which the Detective would testify to. Upon reading this on page 8 of the June 3rd pleading, the defense lawyers advised Dorchy that they would not be able to cross-examine the detective and impeach her because they did not have any proof of the ability of the MIRS result.

After his arrival to the Halfway House in August 2023, Mr.Dorchy sought out Police help to verify if AP did in fact have an Adult Criminal Record at 17 when he was informed by Police that the MIRS only contains mugshots of individuals **with Adult Criminal Records** in its database. The Detective **(Raynard Johnson BPD)** directed Mr.Dorchy to the FBI REPORT on the MIRS and then wrote an email to Mr. Dorchy:

> Service, which allows authorized criminal justice personnel to view criminal justice and other government information from multiple sources in a read-only format. The Dashboard integrates electronically available law enforcement, criminal justice, and other government data into one location for access by criminal justice officials. This information is available to criminal justice users with full access to the National Crime Information Center (NCIC), as well as, query only criminal justice agencies with current NCIC Terminal Operator Certifications. All information obtained via the Dashboard must be handled in compliance with applicable laws and regulations.
>
> (U) The FACE Services Unit will access the Dashboard for the purpose of conducting FR searches against the MIRS. MIRS contains the Maryland Central Photo Repository (MCPR), photos from the Maryland Motor Vehicle Administration (MMVA), and includes a link to the FBI's Next Generation Identification Interstate Photo System. The MCPR consists of booking, incarceration, probation, parole, and sex offender photos, to include photos of juveniles if they were charged as an adult. The MMVA contains drivers license, drivers permit, and state identification card photos. The FACE Services Unit will compare candidate photos returned by MIRS in response to a FR search against the submitted probe in an effort to narrow down to the one or two most-likely candidates. These candidates will then be provided to the requesting FBI contributor for use as an investigative lead. The number of candidates produced

**FBI Co.Maryland DPSCS Dashboard Facial Date : 09/26/2016 Recognition Access**



With these facts, and the circumstances that Mr. Dorchy endures in the community by his Probation Officer and facing a long 15 year period of probation under the Probation office and his sentence, Mr. Dorchy asked this Court to grant his Motion for a CJA lawyer and to grant him an evidentiary hearing. Mr. Dorchy placed facts and evidence before the Court.

Respectfully,

Kamal Dorchy, Pro Se

11708 Ellington Drive, Beltsville, Md 20705

JAN 15th 2025